THE FIRST MUNICIPALITY OF NEW ORLEANS *v.* BLINEAU et al.

A resolution of a municipal corporation, directing a soap factory in a particular street to be removed within a certain time, unless put in such a condition as not to be a nuisance, and imposing a fine of $50 on the parties interested in the factory for every infraction of the resolution, in case, after the time limited, complaint should be made by any three inhabitants under oath, that said factory continues to be a nuisance, is illegal, and cannot be enforced. Stats. 7 June, 1800, s. 1 ; 14 March, 1816, s. 1. *Per Curiam*: A fine is a pecuniary punishment for an offence against the laws of the municipality. An ordinance imposing a fine is a penal enactment; and must be general in its operation. An ordinance may impose fines on persons carrying on offensive trades in a certain street, or suburb, or district, where they would be injurious to the public health; but an ordinance designating one individual, or one establishment, and subjecting the owners to punishment, is contrary to common right.

APPEAL from a judgment rendered by a justice of the peace in New Orleans.

*Morel* and *Preaux*, for the appelants, cited stats. 8 March, 1836, and 14 March, 1846. Const. art. 128. 4 Blacks. p. 118. 10 Wendell, 101. 2 Cowen, 316.

*Roselius*, for the appellant. The resolution should have been of a general character; directed against the defendants personally, it is illegal. *Lex est commune preceptum. Jura non in singulas personas, sed generaliter constituuntur.*

The judgment of the court was pronounced by

EUSTIS, C. J. The council of the First Municipality of New Orleans, by resolutions approved by the mayor, directed the *Blineau Soap Factory*, carried on by one of the defendants, in St. Anne street, in the suburb Tremé, to be removed within twenty days, unless it should be put in such a condition as not to be a nuisance ; and ordered further that, at the expiration of said twenty days, on the complaint of any three inhabitants under oath, that the said factory continued

to be a nuisance, the said *Blineau*, or any persons interested therein, should
pay a fine of $50, for each and every infraction of these resolutions. *Cordier* was condemned to pay a fine of $50, for violating these resolutions, and has taken an appeal to this court, under the 63d article of the constitution, which authorizes the Supreme Court to take cognizance of the constitutionality and legality of fines, forfeitures, and penalties, imposed by municipal corporations.

The power of the council of the municipality to impose fines for the violation of municipal ordinances is conceded, and the duty of the municipal government to maintain, by all lawful means, the cleanliness and salubrity of the city, and its possession of ample powers to that effect, are not questioned. But it is urged by counsel that, the imposition of a fine must be by ordinance of a general character, operation, and effect; and that individuals cannot be affected by the passage of resolutions against them personally, as, it is contended, is done in the present instance.

The case has been presented to us without any reference to any of the city ordinances imposing fines on persons committing nuisances of this description. The question made is, as to the right on the part of the council to subject the party to the fine by virtue of these resolutions. Waiving the distinction between resolutions of a municipal body and ordinances, had the council the power to impose a fine on the owners of this particular soap factory, or was it necessary to impose the fine by some general regulation?

By the law of 1806, the city council of New Orleans was authorized to impose fines, not exceeding $100, for *every offence* against the by-laws and ordinances which they are empowered to make; and, by the law of 1816, authority is given to that body to pass such by-laws and ordinances as may be deemed necessary to maintain the cleanliness and health of the city.

A fine can be considered as nothing else than a pecuniary punishment for an offence against the laws of the municipality, which the by-laws and ordinances in fact are. An ordinance imposing a fine is, in every sense, a penal enactment, and by its essence must be general in its operation. There could be no objection on the score of legality to an ordinance imposing fines on persons carrying on offensive trades in St. Anne street, or the suburb Tremé, or in any district in which they would be injurious to the public health; but to designate one individual, or one establishment, and subject its owners to punishment, appears to us to be entirely inadmissible, and contrary to common right. We think the exception is well taken by counsel, to the legality of this fine. The exercise of a power like this assumed by the council of this municipality, would be attended with most dangerous consequences. Indeed it has more resemblance to an imperial rescript, than a rule for the conduct of citizens under a government of laws, enacted by a body possessing mere powers of administration.

The judgment appealed from is, therefore, reversed; and judgment rendered for the defendants, with costs in both courts. *

---

* Similar judgments were rendered, at the same time, in three other cases between the same parties. R.